IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEYBANC CAPITAL MARKETS, INC. ) | |
| f/k/a MCDONALD INVESTMENTS, INC., ) | CASE NO.: 1:07 CV 1297 |
| ) | 1:05 CV 1530 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| DALY HOLDINGS, INC., et al., ) | |
| ) | MEMORANDUM OPINION |
| Defendants. ) | AND ORDER |
| ) | |

This case is currently before the Court on Defendant, Sean Daly's ("Daly") Motion For Summary Judgment against the Plaintiff, Keybanc Capital Markets, Inc.'s, f/k/a McDonald Investments Inc. ("McDonald")(ECF #25), and McDonald's Renewed Motion for Judgment on the Pleadings against all Defendants. (ECF # 27, 14). After considering all of the arguments and all applicable law, Defendant Daly's Motion for Summary Judgment is DENIED, and McDonald's Renewed Motion for Judgment on the Pleadings is GRANTED. Judgment is hereby entered jointly and severally against Defendants Daly Holding, Event-Driven Value, and Sean Daly in the amount of $1,039,959, with prejudgment interest of $80,217 and post-judgment interest to be calculated from December 6, 2006, the date of the arbitration award.

**FACTUAL AND LEGAL OVERVIEW**[1]

In 2005, McDonald Investments filed a claim against Daly Holdings for compensatory damages stemming from a breach of contract action.  (Complaint ¶¶ 1, 2).  The action was filed in this court under case number 1:05 CV 1530.  (Complaint ¶1).  Daly Holdings filed a motion to have that case dismissed from federal court and to require McDonald to submit its claims to arbitration through the NASD.[2]  (Complaint ¶ 3). This court granted the motion dismissing the action, and McDonald initiated an arbitration against Daly Holdings and Event-Driven Value, Inc. ("EDV").  (Complaint ¶ 4). Both Daly Holdings and EDV executed the NASD's Uniform Submission Agreement, thereby submitting themselves to the jurisdiction of the NASD for arbitration of the dispute. (Complaint ¶ 4; Answer ¶ 4).

Sean Daly was the sole officer, shareholder and director of both Daly Holdings and EVD. (Complaint ¶ 6).  During the course of the arbitration proceedings, McDonald moved the panel to amend its Statement of Claim to add Sean Daly as an additional respondent in his individual capacity, under a "piercing the corporate veil" theory. (Complaint ¶ 7).  Mr. Daly opposed the motion.  (Def. Motion for S.J. at 2).   The arbitration panel granted McDonald's motion and Mr. Daly was added as a respondent.  (Complaint, Ex. F.).  Sean Daly was the sole officer, shareholder and director of both Daly Holdings and EVD.  (Complaint ¶ 8).

---

[1] The majority of the facts contained herein are taken from the Complaint and have been admitted by all defendants in their Answer.  (ECF # 1, 12).  Additional undisputed facts have been taken from the Defendant, Sean Daly's Motion for Summary Judgment. (ECF #25).

[2] Under the NASD Code of Arbitration Procedure a "customer" may require an investment company to submit to arbitration rather than pursue certain claims in court.

On November 8, 2006, the arbitration panel heard the case and on December 6, 2006, they issued a unanimous award of $1,039,959, plus prejudgment interest of $80,217, jointly and severally against all three respondents. (Complaint ¶ 9, Ex. G). None of the Defendants moved to vacate, modify, correct or otherwise challenge the arbitration award, and pursuant to O.R.C. §2711.13 and 9 U.S.C. §12, their time to do so has now expired. (Complaint ¶12). McDonald has filed this action pursuant to O.R.C. §2711.09 and 9 U.S.C. §9, to confirm the arbitration award and to obtain an order of judgment in its favor in accordance with that award.

## **LEGAL STANDARD**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial

does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. Id.

In sum, proper summary judgment analysis entails "the threshold inquiry of determining

whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## **ANALYSIS**

There is no dispute that an order of judgment in conformity with the arbitration award is appropriate as against defendants Daly Holdings and EDV. Defendant Sean Daly, however, is challenging the arbitration award as it applies to him as an individual.

In an arbitration confirmation proceeding, a court's review of the arbitration decision is limited. *Beacon Journal Publishing Co. v. Akron Newspaper Guild Loc. No.* 7, 114 F.3d 596, 599 (6th Cir. 1997). Mr. Daly admits that he is generally barred from challenging the award because he did not bring an action to vacate, nor did he make timely objections to the award. (Def. Motion for S.J. at 3; *see also Occidental Chem. Corp. v. Int'l Chem Workers Union*, 853 F.2d 1310, 1317 (6th Cir. 1988)). However, he claims that the arbitration award in this case violates public policy and that an arbitration decision is reviewable for violations of public policy on a motion for confirmation, even if the time for a motion to vacate the award has passed. *Un. Steel Workers v. Roemer Indus.*, 68 F.Supp. 2d 843, 848 (N.D. Ohio 1999)).

In order to satisfy the public policy exception to challenge the enforcement of an arbitration award, a party must prove two elements:

> First, the decision must violate some explicit public policy that is well defined and dominant. . . . This dominant public policy is to be ascertained by reference to laws and legal precedents and not from general considerations of supposed public interests. . . . Second, the conflict between the public policy and the arbitration award must be explicit and clearly shown.

*Shelby Cty. Health Care Corp. v. Am. Fedn. Of State, Cty. & Mun. Employees, Loc. 1733*, 967

F.2d 1091, 1095 (6th Cir. 1992) (internal citations omitted).

Mr. Daly claims that the award in this case violates public policy because the arbitration panel had no jurisdiction over him in his individual capacity, and because it violated his right to due process by making the determination that he was an alter ego of Daly Holdings and EDV without providing him any opportunity to defend his position on the matter.  McDonald claims jurisdiction was proper, that due process is not relevant when there is no state actor involved, and that even if due process rights were triggered, Mr. Daly had a full and fair opportunity to defend his position during the arbitration proceedings.

1. Jurisdiction

The NASD governs disputes between an NASD member and its customers.  NASD Rule 10101.  A customer is defined as "one involved in a business relationship with an NASD member that is related directly to investment or brokerage services."  *Fleet Boston Robertson Stephens, Inc. v. Innovex, Inc.*, 264 F.3d 770, 772 (8th Cir. 2001).  A dispute can only be submitted to NASD arbitration upon a "duly executed and enforceable written agreement or upon the demand of the customer."  NASD Rule 10301(a).  Mr. Daly claims that the NASD had no jurisdiction over him because he was not a customer of McDonald; he had no written agreement with McDonald; and, he never requested arbitration of any dispute with McDonald.

McDonald argues that Mr. Daly was the alter-ego of Daly Holdings and of EDV, and is thereby deemed to be interchangeable with those companies.  Therefore, because the companies were both customers of McDonald and they both voluntarily submitted to the jurisdiction of the arbitration panel,[3] Mr. Daly, must also be deemed subject to the panel's jurisdiction in his

---

[3] In addition, Daly Holdings specifically requested arbitration under the NASD procedures.

individual capacity.

The law clearly supports McDonald's position on this matter. Arbitrators may exercise jurisdiction over entities or individuals who are not signatories to an arbitration agreement if those entities or individuals are acting as the agents or alter-egos of parties to the arbitration agreement, or if they are subject to corporate veil piercing. *See, e.g., Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003); *Thomson-CSF, S.A. v. American Arbitration Ass'n,* 64 F.3d 773, 776 (2d Cir. 1995); *Security Ins. Co. Of Hartford v. The Fire & Casualty Ins. Co. Of Connecticut*, 2005 U.S. Dist. LEXIS 38755, * (W.D.N.C. Dec. 20, 2005).[4] This comports with the nearly universal approach that arbitration agreements are treated under general contract law. As Mr. Daly himself pointed out, arbitration is a matter of contract; any other type of contract would be binding on the alter-ego of a corporation through a veil piercing theory, and arbitration contracts are no different.

Allowing an arbitration panel to exercise jurisdiction over the alter-ego of a signatory to an arbitration agreement is not a clear violation of public policy. In contrast, the application of alter-ego, agency and veil piercing theories to arbitration agreements actually supports a public policies that favors arbitration, and applies universally accepted contract principles to their

---

[4] Mr. Daly concedes in his Reply brief that non-signatories may be bound by an executed arbitration agreement, however, he argues that these cases do not apply in this case because the matter was submitted to arbitration pursuant to NASD rules and there is no "executed agreement." This argument is disingenuous as all three Defendants admitted in their answer that Daly Holdings and EVD "executed the NASD's Uniform Submission Agreement." (Answer ¶ 4). Further, Daly specifically states in his Motion for Summary Judgment that "an NASD member cannot compel a customer to NASD arbitration absent an express agreement providing for such submission...." Whether or not that agreement takes the form of an executed written document is of no import (though it appears that in this case it has). An enforceable agreement is created either way, and the alter-ego and veil piercing doctrines apply to its enforcement.

enforcement.

### 2. Due Process

The general complaint that Mr. Daly has with regard to due process is that he believes that the arbitration panel's award against him was determined prior to the arbitration and before evidence was ever submitted. He bases this belief solely on a statement included in the arbitrator's award that states as follows:

> On or about September 8, 2006 the Panel heard oral arguments on Claimant's Motion for Leave to Amend its claim to add Sean Daly (sole officer, director and shareholder of Daly Holdings, Inc. and Event-Driven Value, Inc.) as an individual Respondent. After due deliberation, the Panel determined that Daly Holdings, Inc. And Event-Driven Value, Inc., were both the alter egos of Sean Daly and granted the Motion.

(Complaint, Ex. G). The decision to allow Mr. Daly to be added to the case was made on September 11, 2006. That decision, however, made no finding as to whether it would be appropriate to pierce the corporate veil, and made no finding as to the actual claims of liability. (Complaint Ex. F). The full arbitration hearing was conducted on November 8, 2006 and the final decision was rendered on December 6, 2006. None of the Defendants appeared at the November 8th hearing or submitted any materials for consideration at that hearing.

Mr. Daly's position is unsupported in law and unsubstantiated. First, in order to satisfy the public policy exception the public policy at issue must be explicit, well defined and dominant, and must be ascertained by reference to laws and legal precedents. The "due process" considerations discussed by Mr. Daly do not fulfill this requirement. It is true that there is a well established public policy created through the Ohio and Federal Constitutions and through a great deal of legal precedent providing that no state actor shall be allowed to deprive a citizen of due process. However, there is no such well established policy that requires private actors to provide

-8-

similar rights. In fact, legal precedent supports the dismissal of claims for violation of due process when no state actor is involved. Further, "every court that has considered the question has concluded that NASD is not a governmental actor" for purposes of a due process claim. *Graman v. Nat'l Ass'n of Sec. Dealers, Inc*., 1998 U.S. Dist. LEXIS 1624, *9 (D.D.C., April 24, 1998). Mr. Daly claims that no state actor is required because he is not basing his claim on a constitutional violation, however, without reference to the state or federal constitution, he can cite no law or legal precedent supporting a public policy that requires private arbitrators to provide individuals with due process.

Second, even if an explicit, well defined and dominant public policy did exist, Mr. Daly cannot explicitly and clearly show a conflict between the public policy and the arbitration award in this case. Mr. Daly does not contest that he had full notice of every relevant proceeding in the arbitration proceedings. The record shows that once added, Mr. Daly was informed of all proceedings and that he had the opportunity to provide an answer to the claim and to present his case at the arbitration hearing. Mr. Daly, however, failed to provide a Statement of Answer to the Statement of Claim, failed to appear at the hearing, failed to submit any evidence or argument to defend against a piercing of the corporate veil, failed to address the merits of the underlying case in any manner, failed to object to the arbitrator's award, and failed to file a Motion to Vacate the award. It was not the process that was lacking in this case, Mr. Daly simply failed to take advantage of the process and procedures available to him.

## **CONCLUSION**

For all of the reasons stated above, the Defendants' Motion for Summary Judgment

against McDonald is DENIED, (ECF #25), and the Plaintiff's Renewed Motion for Judgment on the Pleadings against Defendants Daly Holding, Event-Driven Value, and Sean Daly is GRANTED.  (ECF # 27). Judgment is hereby entered in favor of Plaintiff McDonald and jointly and severally against Defendants Daly Holding, Event-Driven Value and Sean Daly in the amount of $1,039,959.00, plus prejudgment interest of $80,217.00 and post-judgment interest to be calculated from December 6, 2006, the date of the arbitration award.

    S/Donald C. Nugent
Donald C. Nugent
United States District Judge

Date:   December 4, 2007